47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald E. ARIAS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3432.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before ARCHER, Chief Judge, PLAGER and CLEVENGER, Circuit Judges
 DECISION
 PER CURIAM.
 
 
 1
 Ronald E. Arias appeals from a decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DE-3443-94-0118-I-1, which dismissed, due to lack of jurisdiction, his appeal for review of the Bureau of Indian Affairs' (agency) failure to renew his employment contract.[1] We affirm.
 
 DISCUSSION
 
 2
 From 1988 to 1992 Arias was employed with the agency as a contract educator under the provisions of 25 U.S.C. Secs. 2001-2023 (1988 & Supp. V 1993) (educational programs of Bureau of Indian Affairs). The agency did not renew Arias' contract for the 1992-93 school year.
 
 
 3
 The Board's jurisdiction is limited to those actions which are made appealable by law, rule or regulation. See 5 U.S.C. Sec. 7701(a) (1988). Educators in the Bureau of Indian Affairs are specifically excluded from the coverage of the sections of Title 5 relating to the appointment and removal of civil service employees. See 25 U.S.C. Sec. 2011(a)(1) (1988). Further, the Board does not have jurisdiction over claims of discrimination which are not associated with an otherwise appealable matter. See 5 U.S.C. Sec. 7702(a)(1) (1988). Thus, the Board lacked jurisdiction to hear Arias' case and properly dismissed this appeal.
 
 
 4
 In view of our decision, we also cannot consider Arias' argument regarding the alleged bias of the administrative judge.
 
 
 
 [1]
 The February 23, 1994 initial decision of the administrative judge became the final decision of the MSPB on June 1, 1994 when the MSPB denied Arias' petition for review